IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**PAMELA TERRY**                                                               **PLAINTIFF**

**v.**                                            **CIVIL ACTION NO. 1:21-cv-155-TBM-RPM**

**BAY ST. LOUIS-WAVELAND**
**SCHOOL DISTRICT**                                            **DEFENDANT**

## ORDER DENYING WITHOUT PREJUDICE
## DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on Defendant Bay St. Louis-Waveland School District's [17] Motion to Dismiss filed on January 18, 2022. For the reasons set forth below, the Motion is denied without prejudice to Defendant's right to re-file.

On May 7, 2021, Plaintiff Pamela Terry filed her [1] Complaint pursuant to Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. On October 4, 2021, Defendant filed a [15] Suggestion of Death.

On January 18, 2022, Defendant filed a [17] Motion to Dismiss. Defendant asserts that, pursuant to Rule 25 of the Federal Rules of Civil Procedure, the Court should dismiss the litigation because there has been no response to the Defendant's Suggestion of Death of Plaintiff Pamela Terry [15] filed on October 4, 2021. When a party to litigation dies, a court may dismiss a decedent's action, "[i]f the motion [for substitution] is not made within 90 days after service of a statement noting the death." FED. R. CIV. P. 25(a)(1). Defendant's Certificates of Service for both the [15] Suggestion of Death and the [17] Motion to Dismiss reflect that these pleadings were delivered via the ECF filing system, giving notice to Plaintiff's counsel. [15] at 2; [17] at 2.

"[T]he suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of motion to substitute." *Sampson v. ASC Indus.*, 780 F.3d 679, 681 (5th Cir. 2015) (quoting *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994)). The Suggestion of Death must be served on the decedent's personal representatives or estate in accordance with Rule 4 before the ninety-day period imposed by Rule 25 begins to run. *Sampson*, 780 F.3d at 681 (5th Cir. 2015); *see also* FED. R. CIV. P. 25(a)(3). "Personal service of the suggestion of death alerts the nonparty to the consequences of death for a pending suit, signaling the need for action to preserve the claim if so desired." *Id.* (quoting *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 962 (4th Cir. 1985)).

The Motion is denied without prejudice because a "Rule 25 notice of death must be personally served on deceased-plaintiff's estate" before the ninety-day clock begins to run. *Sampson*, 780 F.3d at 683. Defendant filed the Suggestion of Death, giving notice to the Court and Plaintiff's attorneys that "it has come to the attention" of Defense Counsel that Plaintiff is deceased. [15] at 1. However, Defendant has not provided proof that Plaintiff's personal representatives and/or estate have been served as required by Rule 4.

IT IS THEREFORE, ORDERED AND ADJUDGED that Defendant's Motion [17] to Dismiss is denied WITHOUT PREJUDICE to Defendant's right to refile upon proper compliance with Rule 25.

THIS, the 13th day of April, 2022.

_____
TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE